**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOHN S. BRIAND,**

      **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　**Case No. 4:06cv104**

**STATE OF FLORIDA, et al.,**

      **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, was previously granted *in forma pauperis* status and directed to pay an initial partial filing fee of $7.31 pursuant to 28 U.S.C. § 1915(b)(1)(A). Doc. 7.  Plaintiff thereafter filed a motion for reconsideration, doc. 11, which was granted to the extent that the *in forma pauperis* order was reviewed.  Finding it correct as entered, Plaintiff was given additional time to pay the assessed initial partial filing fee.  Doc. 14.  Plaintiff had until May 19, 2006, to submit payment.  No payment has been received and, indeed, Plaintiff submitted a document dated May 10, 2006, which reveals Plaintiff would not be submitting the payment based on his assertion that he lacks sufficient funds to do so.  Doc. 15.

When the partial fee was assessed, Plaintiff had a balance showing on his account of $78.30.  Doc. 6.  Plaintiff was aware that he would be required to make payments to the Court when he spent over half of his funds in the commissary.  Plaintiff now has a zero balance and is, therefore, unable to pay a $7.31 partial fee.

> A suit not worth $7.20 to an inmate who could pay this fee is unlikely to be worth the time of the courts.  If the inmate thinks that a more worthwhile use of his funds would be to buy peanuts and candy (two of the items that, the record shows, Lumbert has purchased from the prison commissary) than to file a civil right suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor.

Beck v. Symington, 972 F. Supp. 532, 535 (D. Ariz. 1997), *quoting* Lumbert v. Illinois Dept. of Corrections, 827 F.2d 257, 260 (7th Cir. 1987).

The right of access to the courts is a fundamental right, and although one's right of access must be effective and meaningful, it need not be free of charge.  Beck, 972 F. Supp. at 534.  Beck, 972 F. Supp. at 524.  This is not a case of an inmate who never had funds with which to pay the assessed partial filing fee.  When Plaintiff was taken into custody he had $219.16.  Doc. 6.  Plaintiff had some $78 in his account when he filed the *in forma pauperis* motion just a month later.  All litigants must make decisions about how to spend their money when litigation is contemplated.  Plaintiff's decision to spend money in the canteen rather than pursue his claim in this Court is one that the Court is entitled to uphold.  Although Plaintiff now claims he is unable to pay his obligation to this Court, he was able to do so when he initiated this case.  If every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the *in forma pauperis* review would be a waste of judicial time and effort.

In light of the foregoing, it is respectfully **RECOMMENDED** that this § 1983 civil rights action be **DISMISSED** for Plaintiff's failure to comply with a court order and submit payment of the assessed initial partial filing fee.

**IN CHAMBERS** at Tallahassee, Florida, on May 30, 2006.

 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**